UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

JACLYNN BROWN, individually and on behalf of others similarly situated,

                        Plaintiff,

                 - against -

KERRY INC.,

                        Defendant.

**ORDER**

20 Civ. 9730 (PGG) (JLC)

PAUL G. GARDEPHE, U.S.D.J.:

            In this putative class action, Plaintiff Jaclynn Brown claims that Defendant Oregon Chai's advertising for its Chai Tea Latte is false and misleading.[1] The Complaint alleges violations of Section 349 and 350 of the New York General Business Law ("GBL"), breach of warranty under New York law and the Magnuson-Moss Warranty Act, and negligent misrepresentation, fraud, and unjust enrichment under New York law. (Cmplt. (Dkt. No. 1) ¶¶ 109-35)

            Oregon Chai has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 22) On June 22, 2021, this Court referred the motion to Magistrate Judge James L. Cott for a Report and Recommendation ("R&R"). (Dkt. No. 28)

---

[1] The Complaint names Kerry, Inc. – the parent company of Oregon Chai – as Defendant. However, the parties later stipulated to the substitution of Oregon Chai for Kerry Inc. as Defendant. (Dkt. Nos. 19-20)

On November 22, 2021, Judge Cott issued an R&R recommending that the motion to dismiss be granted, pursuant to Rule 12(b)(6).  (See R&R (Dkt. No. 40))  No objections to the R&R have been filed.

For the reasons stated below, the R&R will be adopted in its entirety.

<strong><u>BACKGROUND</u></strong>

**I.      FACTS**[2]

Oregon Chai is an Oregon corporation with its principal place of business in Wisconsin.  The company manufactures, distributes, markets, labels, and sells chai tea products, including "Chai Tea Latte" (the "Product").[3]  (Cmplt. (Dkt. No. 1) ¶¶ 1-4)

Plaintiff – a citizen of New York – alleges that she purchased the Product on one or more occasions in New York between November 2019 and May 2020.  (Id. ¶¶ 88, 92)  Because the front label of the Product contains the words "Slightly Sweet," Plaintiff contends that the Product purports to be low in sugar.  (Id. ¶ 1)

The front and back panels of the Product's packaging are shown below:



---

[2]  The facts set forth in this Order are drawn from the Complaint and are presumed true for purposes of resolving Defendant's motion to dismiss.  See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

[3]  "Chai is a type of tea brewed with milk, sweetened with sugar or honey and containing a mixture of aromatic herbs and spices."  (Cmplt. (Dkt. No. 1) ¶ 3)

2

(Id. ¶ 4; Wolinsky Decl., Ex. 2 (Dkt. No. 24-2))[4]  The center of the Product's front label reads: "Chai Tea Latte."  Below the Product's name, the label states "Black Tea Concentrate, Honey & Spices – Just Add Milk."  (Cmplt. (Dkt. No. 1) ¶ 4)  Above the Product's name are the phrases "Slightly Sweet" and "A Less Sweet Twist on Our Authentic Chai."  (Id.)  On the back label, beneath the language "Slightly Sweet Chai Tea Latte," the label states:  "We get it – you have a particular palate.  We've taken our original recipe . . . and removed some sweetness for those who know exactly what they want."  (Wolinsky Decl., Ex. 2 (Dkt. No. 24-2))

Plaintiff claims that she and other consumers are led to believe – based on the "Slightly Sweet" language – that the Product is low in sugar, when in fact each serving contains eleven grams of sugar.  (Cmplt. (Dkt. No. 1) ¶¶ 5, 10, 24, 54, 74)  According to Plaintiff, eleven grams of sugar exceeds the Food and Drug Administration's ("FDA") definition of "low sugar."  (See id. ¶¶ 29-35, 67-72)  The Complaint also cites consumer surveys showing that consumers prefer to consume less sugar, due to "growing consumer awareness of health problems caused by excessive sugar consumption."  (Id. ¶¶ 6, 16-23)

Plaintiff asserts that – in deciding to purchase the Product – she relied on the alleged representation on the Product's label that it was low in sugar.  (Id. ¶¶ 91, 93-94)  Plaintiff further alleges that, as a result of the misleading label, the Product commands a higher price – $4.99 for a 32-ounce package – than it would have absent this label.  (Id. ¶ 79)  Plaintiff further claims that she and other consumers would not have bought the Product, or would have paid less for it, had they known that the Product was not in fact low in sugar.  (Id. ¶¶ 78)

---

[4]  Although the Complaint focuses on the "Slightly Sweet" language on the Product's front label – in considering the sufficiency of Plaintiff's claims – this Court must consider Defendant's packaging as a whole.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citations omitted); Pichardo v. Only What You Need, Inc., No. 20-CV-493 (VEC), 2020 WL 6323775, at *2 (S.D.N.Y. Oct. 27, 2020).

## II. PROCEDURAL HISTORY

The Complaint was filed on November 18, 2020, and asserts claims for (1) violations of Section 349 and 350 of the GBL; (2) negligent misrepresentation, fraud, and unjust enrichment under New York law; and (3) breach of warranty under New York law and the Magnuson-Moss Warranty Act, 25 U.S.C. § 2301, et seq. (See id. ¶¶ 109-35)

On June 18, 2021, Oregon Chai moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 22) On June 22, 2021, this Court referred Oregon Chai's motion to Judge Cott for an R&R. (Dkt. No. 28) On November 22, 2021, Judge Cott issued his R&R, recommending that the Complaint be dismissed pursuant to Rule 12(b)(6). (Dkt. No. 40) No objections to the R&R have been filed.

## DISCUSSION

## I. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000)

4

(citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." (citation omitted)).

      **B.**     **Rule 12(b)(1) Motion to Dismiss**

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([i.e.,] subject-matter jurisdiction)." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "A motion to dismiss a complaint for lack of standing is properly brought pursuant to Rule 12(b)(1) . . . because it relates to the court's subject matter jurisdiction." ED Capital, LLC v. Bloomfield Inv. Res. Corp., 155 F. Supp. 3d 434, 446 (S.D.N.Y. 2016), aff'd in rel. part, 660 F. App'x 27 (2d Cir. 2016) (citations omitted).

Where subject matter jurisdiction is challenged, a plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quoting Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003)).

In considering a Rule 12(b)(1) motion, a court "must accept as true all material factual allegations in the complaint." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). The court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits." Id. In resolving a Rule 12(b)(1) motion, a court may also "consider

5

'matters of which judicial notice may be taken.'" Greenblatt v. Gluck, No. 03 Civ. 597 RWS, 2003 WL 1344953, at *1 n.1 (S.D.N.Y. Mar. 19, 2003) (quoting Hertz Corp. v. City of New York, 1 F.3d 121, 125 (2d Cir. 1993)).

      C.      **Rule 12(b)(6) Motion to Dismiss**

A Rule 12(b)(6) motion challenges the legal sufficiency of the claims asserted in a complaint. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). These factual allegations must be "sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint[,]" and must "draw all reasonable inferences in favor of the plaintiff." Kassner, 496 F.3d at 237.

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citation omitted). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

## III. THE REPORT AND RECOMMENDATION

In its motion to dismiss, Defendant Chai contends, inter alia, that Plaintiff lacks standing and that the Complaint fails to state a claim. In his R&R, Judge Cott finds that Plaintiff has standing to assert her claims, but that the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. (R&R (Dkt. No. 40) at 4-29)[5]

### A. Plaintiff's Standing

Defendant contends that this Court is without subject matter jurisdiction, because Plaintiff lacks standing. (Pltf. Opp. (Dkt. No. 23) at 13-15)

In rejecting Defendant's argument, Judge Cott notes that the Complaint pleads "actual injury." Plaintiff claims that – absent the misleading label – she would not have purchased the Product or would have paid less for it. (R&R (Dkt. No. 40) at 9-11) Citing Kacocha v. Nestle Purina Petcare Co., No. 15-CV-5489 (KMK), 2016 WL 4367991, at *14 (S.D.N.Y. Aug. 12, 2016) and Singleton v. Fifth Generation, Inc., No. 15-CV-474 (BKS) (TWD), 2016 WL 406295, at *10 (N.D.N.Y. Jan. 12, 2016), Judge Cott concludes that the Complaint's allegations are sufficient to demonstrate standing. (Id. at 9-11)[6]

### B. GBL Sections 349 and 350 Claims

GBL Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce," while GBL Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce." To state a claim under either section, "a plaintiff

---

[5] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

[6] Although Judge Cott concludes that Plaintiff has adequately alleged an actual injury, he finds that she lacks standing to seek injunctive relief. (R&R (Dkt. No. 40) at 27 ("Notwithstanding these allegations of past injury, [Plaintiff] is now on notice of Oregon Chai's alleged misrepresentations and omissions, and therefore will not be harmed again in the same way in the future absent an injunction." (quotation marks and citations omitted)))

must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." Wynn v. Topco Assocs., LLC, No. 19-CV-11104 (RA), 2021 WL 168541, at *2 (S.D.N.Y. Jan. 19, 2021) (quotation marks and citation omitted).

Oregon Chai contends that Plaintiff has not satisfied the "materially misleading" element, because (1) "Slightly Sweet" describes the Product's flavor rather than its ingredients; (2) "Slightly Sweet" is non-actionable puffery; and (3) the Product's packaging – including the nutritional information printed on the Product's side label – dispels any potential confusion regarding the Product's sugar content. (Def. Br. (Dkt. No. 23) at 16-22)

Plaintiff counters that "Slightly Sweet" is "an affirmative representation as to the sugar content of the beverage" that consumers "reasonably believe" is a representation that "the Product is lower in sugar than it is." (Pltf. Opp. (Dkt. No. 27) at 11-20 (citing, inter alia, Mantikas v. Kellogg Co., 910 F.3d 633 (2d Cir. 2018); Sharpe v. A & W Concentrate Co., 481 F. Supp. 3d 94 (E.D.N.Y. 2020); Campbell v. Whole Foods Market Group, Inc., No. 1:20-cv-01291 (GHW), 516 F. Supp. 3d 370 (S.D.N.Y. Feb. 2, 2021))) Plaintiff also argues that the nutritional information on the label cannot cure the misleading "Slightly Sweet" language, because "Slightly Sweet" is a factual statement that is "prominent" and unambiguous as to the sugar content of the Product. (See id. at 18-20)

In rejecting Plaintiff's argument that the "Slightly Sweet" language is "materially misleading," Judge Cott notes that he "'is not required to accept'" Plaintiff's conclusory allegations (see Cmplt. (Dkt. No. 1) ¶¶ 1, 10) that "reasonable consumers would construe the

Product's 'Slightly Sweet' statement to mean that the Product is low in sugar." (R&R (Dkt. No. 40) at 12 (quoting Wynn, 2021 WL 168541, at *3))

Judge Cott goes on to conclude that the "Slightly Sweet" label language is "mere puffery," because "it provides no objective measurement or indication of the amount of sugar in the product, and refers instead to a subjective claim about the Product's level of sweetness that cannot be proven either true or false." (Id. at 13 (citing Sommer v. Snapple Beverage Corp., No. 20-CV-04181-JST, 2021 WL 6754525 (N.D. Cal. Sept. 20, 2021) (tea beverage labeled as "Sorta Sweet"); Mazella v. Coca-Cola Co., 548 F. Supp. 3d 349 (S.D.N.Y. 2021) (tea beverage labeled as "Slightly Sweet"); Salazar v. Honest Tea, Inc., 74 F. Supp. 3d 1304 (E.D. Cal. 2014) (tea beverage labeled as "just a tad sweet")))  Judge Cott also notes that the "context of the label as a whole" suggests that "Slightly Sweet" is a representation about the Product's "taste profile, rather than the amount of sugar" it contains.  In this regard, Judge Cott observes that the Product's label addresses sweetness in the context of consumers' "palates." (Id. at 13-14 (citing Wolinsky Decl., Ex. 2 (Dkt. No. 24-2)))

In rejecting Plaintiff's "materially misleading" argument, Judge Cott also points out that the Product's nutritional information – which is part of the label – "explicitly states the amount of sugar and number of calories" in the Product.  The nutritional information "dispel[s]" "any ambiguity or confusion regarding the Product's sugar content." (Id. at 14-15)  Judge Cott distinguishes Mantikas v. Kellogg, Co., 910 F.3d 633, 647 (2d Cir. 2018), cited by Plaintiff (Pltf. Opp. (Dkt. No. 27) at 18-20), noting that – unlike here – the Mantikas plaintiffs had plausibly alleged deceptive statements that contradicted nutritional information. (R&R (Dkt. No. 40) at 15-16; see Mantikas, 910 F.3d at 647 ("large, bold-faced" and misleading representations that

9

crackers were made with "Whole Grain" not cured by nutritional information that listed "enriched white flour" as the first ingredient))

Finally, Judge Cott finds Plaintiff's consumer survey data unpersuasive, noting that the surveys do not "demonstrate[e] that consumers understand 'Slightly Sweet' to mean 'low sugar' or 'low calorie.'"  (R&R (Dkt. No. 40) at 16)

In sum, Judge Cott recommends that the GBL claims be dismissed because Plaintiff has not pled facts demonstrating that the "Slightly Sweet" language on the Product label is materially misleading.  (Id. at 17)

### C. Negligent Misrepresentation, Fraud, and Unjust Enrichment

As to Plaintiff's negligent misrepresentation, fraud, and unjust enrichment claims, Judge Cott finds that they "largely center on the same allegations of misleading business practices" as Plaintiff's GBL claims, and fail for the same reason.  (Id. (citing Wynn, 2021 WL 168541, at *6))  Judge Cott also separately considers these common law claims, however, and finds that each suffers from independent defects.  (Id.)

To plead negligent misrepresentation under New York law, a plaintiff must allege that

> (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.

Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98, 114 (2d Cir. 2012) (quotation marks and citations omitted).  In assessing whether a plaintiff has adequately alleged a "special relationship," courts consider "whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed

between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." Kimmell v. Schaefer, 89 N.Y.2d 257, 264 (1996). Such a relationship must involve "actual privity of contract" or a relationship that "approach[es] that of privity." Anschutz, 690 F.3d at 114 (quotation marks and citations omitted).

Judge Cott concludes that Plaintiff has not sufficiently alleged the existence of a special relationship. (R&R (Dkt. No. 40) at 18-19) Although Plaintiff argues that Oregon Chai "had 'special knowledge and experience' in the sale of consumer goods" (Pltf. Opp. (Dkt. No. 27) at 23 (citing Cmplt. (Dkt. No. 1) ¶ 118 and Greene v. Gerber Products Co., 262 F. Supp. 3d 38, 75 (E.D.N.Y. 2017))), Judge Cott notes that "nothing in the Complaint suggests that the parties were engaged in anything more than basic commercial transactions in 2019 and 2020." (R&R (Dkt. No. 40) at 18)

To plead fraud under New York law, a plaintiff must plead facts showing "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001) (citation omitted). Plaintiff must also meet the particularity requirements of Fed. R. Civ. P. 9(b), which "require[] that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 783 F.3d 395, 403 (2d Cir. 2015) (quotation marks and citation omitted). A plaintiff must also "allege facts that give rise to a strong inference of fraudulent intent" – "either (a) by alleging facts to show that

11

defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290-91 (2d Cir. 2006) (quotation marks omitted).

Judge Cott concludes that Plaintiff "fail[s] to plead any facts that give rise to a strong inference of fraudulent intent." (R&R (Dkt. No. 40) at 24-25)  In this regard, Judge Cott notes that Plaintiff's conclusory allegation that Oregon Chai's "fraudulent intent is evinced by its failure to accurately describe the Product on the front label, when it knew its statements were neither true nor accurate and misled consumers" (Cmplt. (Dkt. No. 1) ¶ 132), does not satisfy the Rule 9(b) standard for fraudulent intent.  (R&R (Dkt. No. 40) at 24-25)

As to unjust enrichment, Judge Cott concludes that this claim is "duplicative of [Plaintiff's] core theory of deception, and if a plaintiff's other claims are defective, an unjust enrichment claim cannot remedy the defects."  (Id. at 25 (quoting Barreto v. Westbrae Nat., Inc., 518 F. Supp. 3d 795, 809 (S.D.N.Y. 2021)) (quotation marks and alternations omitted))

In sum, Judge Cott recommends that Plaintiff's negligent misrepresentation, fraud, and unjust enrichment claims be dismissed.

### D.      **Breach of Warranty and Magnuson-Moss Warranty Act**

The Complaint asserts claims for breach of express warranty and breach of implied warranty of merchantability under New York law, as well as violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.  (Cmplt. (Dkt. No. 1) ¶¶ 122-29) Plaintiff claims that, in the Product's label, Oregon Chai warranted that the Product was low in sugar.  (Id. ¶ 123)  Plaintiff also claims that "Defendant received notice and should have been aware of [the label's] misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product."  (Id. ¶ 127)

To plead a breach of express warranty claim, Plaintiff must allege "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." Goldemberg v. Johnson & Johnson Consumer Cos., 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014) (citations omitted). New York law requires a plaintiff to give notice of the breach of warranty to the seller before seeking recovery on a breach of express warranty claim. See N.Y. U.C.C. § 2-607(3)(a) ("[T]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."); Colpitts v. Blue Diamond Growers, 527 F. Supp. 3d 562, 589 (S.D.N.Y. 2021).

Judge Cott concludes that the Complaint does not adequately plead a breach of express warranty claim because (1) "Slightly Sweet" is not a "factual representation of the amount of sugar within the Product"; and (2) Plaintiff does not allege that she satisfied New York's notice requirement. (R&R (Dkt. No. 40) at 20-21 (quotation marks and citations omitted)) Although the Complaint alleges that Defendant "received notice . . . due to numerous complaints" from other consumers (Cmplt. (Dkt. No. 1) ¶ 127), this assertion is "unsupported by any specific factual allegations" and, in any event, would not satisfy the requirement. (R&R (Dkt. No. 40) at 21 (citing Colpitts, 527 F. Supp. 3d at 590 ("[T]he existence of prior complaints by other consumers cannot satisfy the notice requirement for th[e] suit.")))

As to Plaintiff's claim for breach of the implied warranty of merchantability, Judge Cott concludes that Plaintiff's failure to allege pre-suit knowledge is fatal to that claim. (Id. at 22 (citing Campbell, 516 F. Supp. 3d at 392)) Judge Cott also notes that Plaintiff fails to allege any facts in support of an implied warranty claim, including that the Product is not "'fit for

13

human consumption.'" (Id. (quoting Silva v. Smucker Nat. Foods, Inc., No. 14-CV-6154 (JG) (RML), 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015)))

Finally, Judge Cott concludes that Plaintiff's claim under the Magnuson-Moss Warranty Act fails because Plaintiff has not "plausibly allege[d] an underlying breach of express or implied warranty." (Id. at 23 (citing Kamara v. Pepperidge Farm, Inc., No. 20-CV-9012 (PKC), 2021 WL 5234882, at *7 (S.D.N.Y. Nov. 9, 2021))) Judge Cott also notes that Plaintiff fails to allege the existence of a "written warranty," as required by the Magnuson-Moss Warranty Act. (Id. at 22-23 (citing 15 U.S.C. § 2301(6)(A)))

In sum, Judge Cott recommends that each warranty-based claim be dismissed.

### E.   Leave to Amend

As for leave to amend, Judge Cott notes that Plaintiff requests "in passing (and without briefing)" that the Court grant leave to amend if her claims in the Complaint are dismissed. (Id. at 28; Pltf. Opp. (Dkt. No. 27) at 29) Judge Cott recommends – albeit "somewhat reluctantly" – that the Court grant Plaintiff leave to amend "[b]ecause this is the first adjudication of [Plaintiff's] claims on the merits." (R&R (Dkt. No. 40) at 28-29 & 29 n.8)[7]

## IV.   ANALYSIS

The R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a "FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE

---

[7] Judge Cott's reluctance stems from (1) Plaintiff's failure to amend in response to Defendant's pre-motion letter laying out the defects in the Complaint; and (2) case law involving the "Slightly Sweet" phrase in advertising for a different tea beverage, which likewise should have put Plaintiff's counsel on notice of the defects in the Complaint. (Id. at 28 n.8 (citing Mazella v. The Coca-Cola Company, 7:20-cv-5235 (NSR), July 12, 2021 Op. & Order (Dkt. No. 24)))

14

APPELLATE REVIEW."  (R&R (Dkt. No. 40) at 29 (emphasis in original); see also 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations . . . ."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."))  Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Cott's R&R.

Because neither side filed objections to Judge Cott's R&R, the parties have waived judicial review.  The Court has nonetheless reviewed Judge Cott's 30-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.  Accordingly, Judge Cott's R&R will be adopted in its entirety as to the dismissal of Plaintiff's claims.

As to leave to amend, district courts "ha[ve] broad discretion in determining whether to grant leave to amend."  Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000).  Leave to amend may properly be denied in cases of "'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'"  Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  "Where the possibility exists that [a] defect can be cured," leave to amend "should normally be granted" at least once.  Wright v. Ernst & Young LLP, No. 97 CIV. 2189 (SAS), 1997 WL 563782, at *3 (S.D.N.Y. Sept. 10, 1997), aff'd, 152 F.3d 169 (2d Cir. 1998) (citing Oliver Schs., Inc. v. Foley, 930 F.2d 248, 253 (2d Cir. 1991)).  Moreover, where a claim is dismissed on the grounds that it is "inadequate[ly] [pled]," there is "a

strong preference for allowing plaintiffs to amend." In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig., No. 08 MDL 1963, 2011 WL 4072027, at *2 (S.D.N.Y. Sept. 13, 2011) (citing Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990)).

For these reasons, this Court will likewise adopt Judge Cott's recommendation that leave to amend be granted.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and Plaintiff's claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Any motion for leave to file an amended complaint will be submitted by **March 21, 2022**. The proposed amended complaint is to be attached as an exhibit to the motion. The Clerk of Court is directed to terminate the motion (Dkt. No. 22).

Dated: New York, New York
       March 7, 2022

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge